## Lewis *v.* Carpenter.

CONTRACT.— *Consideration.*—*Failure of.*—*Evidence.*—*Admissions.*

APPEAL from the Harrison Circuit Court.

FRAZER, C. J.—The suit was against the appellant on two promissory notes, of two hundred dollars each, given by him to one Harbison, and by him assigned to the appellee. There was an answer in three paragraphs: 1. General denial. 2. Failure of consideration, in this, that the notes sued on, with another for two hundred dollars theretofore paid, were made in consideration of the sale and delivery to the defendant, by Harbison, the payee, of an omnibus, half of a band-wagon, and two horses, together of the value of two hundred dollars, and the agreement of Harbison, who then owned a line of stages running from New Albany to Corydon, (the defendant owning and running a like line on the same route), that he would not abandon said line, and would run the same over the road on alternate days with the defendant, and would never sell his stock and stages to one Lemon, but would keep Lemon and one Shuck from running the route in competition with the defendant; that Harbison, before the assignment of the notes, violated his contract by selling to Lemon and Shuck, who thereafter run the road in competition with the defendant. The third paragraph is substantially like the second, alleging further, that the competition of Lemon and Shuck damage the defendant six hundred dollars. Reply, general denial.

There was a verdict for the plaintiff for the whole amount of the notes with interest, upon which judgment was rendered, after an unsuccessful motion for a new trial.

It is claimed, that the court below erred in allowing the plaintiff to prove that after the assignment of the notes the defendant told the plaintiff that he would pay the notes. It is certain that this did not constitute an estoppel. It tended, however, to disprove the defense relied on; for the

declaration might be understood as implying an admission that no defense existed. It was, therefore, we think, admissible in evidence.

Nor can we reverse the case upon the evidence. Assuming the consideration of the notes to have been as stated in the answer, and that there was such a breach of the contract as was therein alleged, yet there was evidence from which the jury could find that no damage to the defendant resulted, and that the property delivered was worth the full sum of six hundred dollars.

Judgment affirmed, with five per cent. damages and costs.

*T. C. Slaughter, W. T. Jones, S. E. Perkins, L. Jordan,* and *S. E. Perkins, Jr.,* for appellant.

*J. H. Stotsenburgh* and *T. M. Brown,* for appellee.